Agnes, A.J.
1.Introduction
In this civil action, the claims against Bank Handlowy (hereinafter referred to as BH) arise from the international collection of a $31,787.34 “Official Check”[1] (the “Check”) that the plaintiff Szymas Lechoslaw (hereinafter referred to as plaintiff) purchased from a Fleet Bank branch in Worcester, Massachusetts on July 28, 2000.
On or about October 4, 2000, plaintiff presented the Check to BH in Poland for collection. BH mailed the Check to a Fleet office in New Jersey with instructions for the payment of the Check. Fleet claims that it never received the Check; the Check is assumed to have been lost in the mail. Thereafter, BH submitted a certified copy of the Check for collection and the plaintiff was paid the full amount on February4,2001.
2.Civil Action Timeline of Pertinent Events as Determined by the Record and Information Provided by the Parties’ Counsel
Plaintiff initially asserted three claims against BH in its Complaint dated October 1, 2003.[2]These claims were Negligence, Breach of Contract and Intentional Infliction of Emotional Distress. On the Civil Action Cover Sheet, filed contemporaneously with the Complaint, the “Type of Action” was claimed to be “Breach of Contract” with a damages amount equal to the amount of the Check, i.e. $31,787.34.
In late November, BH answered the Complaint late[3] — with the permission of the court — asserting as an Affirmative Defense the court’s lack of personal jurisdiction over BH.
After some initial discovery was completed, Plaintiff sent a 93A demand letter dated May 10, 2004 to Fleet’s attorney claiming estimated damages of $890,000.00. It is in this letter that the 93A demand is put on Fleet and not the other parties.
On May 28, 2004, Plaintiff filed a Motion to Amend the Complaint. According to Plaintiff, defense counsel stated no opposition to the Motion on June 23, 2004.
On June 29, 2004, the Amended Complaint was filed with this court. Contained in the Amended Complaint was an additional count against BH of violation of 93A.
In mid-July 2004, both Citibank NA and Fleet Bank filed Answers to the unopposed Amended Complaint. BH did not file an Answer to the Amended Complaint, instead, it chose to file a Motion to Dismiss for Lack of Personal Jurisdiction, pursuant to the Massachusetts Rules of Civil Procedure 12(a)(1).
On August 18,2004, this court heard and denied BH’s Motion for Leave to File a Rule 12 Motion Late, reasoning that, “All available remedies are available to BH under the Massachusetts Rules of Civil Procedure.”
3.Discussion
BH is now requesting that this court Reconsider and Clarify the Denied Motion for Leave to File a Rule 12 Motion Late. It is important to make clear that this court’s decision to allow the motion for reconsideration is not because defense counsel was without fault, but rather out of a regard for the weighty constitutional questions raised by the defendant’s claim that this court lacks personal jurisdiction over a Polish bank.
The fundamental question is whether it would be fair, taking into consideration this court’s jurisdiction and constitutional requirements, to have BH submit to the jurisdiction of this court. Without resolving the merits of the case, it appears that these jurisdictional claims should be considered on the merits.
When a plaintiff files a complaint, the defendant has the option to file an answer. Within that responsive pleading, the defendant may assert affirmative defenses. When a plaintiff amends its complaint, the defendant is entitled to file a responsive pleading, therein again asserting affirmative defenses. In the failure to reassert these affirmative defenses once an amended complaint is filed, a defendant does so at its own peril. This is because the original affirmative defenses to the original complaint no longer have any merit or legal teeth.
In this case, the defendant BH asserted the affirmative defense of lack of personal jurisdiction in its answer to the original complaint. BH failed to do the same in response to the amended complaint. Now, BH claims that the response that it gave to the amended complaint was the motion to dismiss for lack of personal jurisdiction. The reason it gave in its motion for *414 leave to file this motion late was due to the tracking requirements of this court.
4. Conclusion
The defendant BH will be given the opportunity to argue a motion for dismissal due to the lack of personal jurisdiction if it so chooses. Upon such filing, this court will consider the merits of those arguments at that time.
5. Order
Bank Handlowy’s Motion for Reconsideration and Clarification of the Denial of its Motion to File a Rule 12 Motion is ALLOWED.

An “Official Check" is essentially the equivalent to a Teller’s Check as defined in the Uniform Commercial Code.

Plaintiff also asserted claims of Negligence, Breach of Contract, Intentional Infliction of Emotional Distress against the other two Defendants, Fleet and Citibank. Additionally, plaintiff asserted claims of Breach of Implied Covenant of Good Faith and Violation of M.G.L.c. 93A as to Fleet.

The same attorney represents all three defendants. The other two Defendants also answered the Complaint late with the court’s permission.